PRYOR CASHMAN LLP
Brad D. Rose (BR-2740)
brose@pryorcashman.com
Ilene S. Farkas (IF-3212)
ifarkas@pryorcashman.com
Erik T. Kindschi (EK-4014)
ekindschi@pryorcashman.com
7 Times Square
New York, New York 10036
Tel: (212) 326-0188
Fax:  (212) 798-6382

*Attorneys for Defendants*
*WB Music Corp., Warner-Tamerlane Publishing Corp.,*
*Roc Nation, LLC, Atlantic Recording Corporation,*
*Roc-A-Fella Records, LLC, and Shawn Carter*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUFAMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> WB MUSIC CORP., WARNER-TAMERLANE PUBLISHING CORP., ROC NATION, LLC, ATLANTIC RECORDING CORPORATION, ROC-A-FELLA RECORDS, LLC, and SHAWN CARTER, <br><br> Defendants. | Civil Action No.: 13-CV-07874 (LAK) |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................... 3

    A. Plaintiff's Works ................................................................................................................... 3

    B. Defendants' Recording and Plaintiff's Claims .................................................................... 3

ARGUMENT ................................................................................................................................... 5

    I.   STANDARD OF REVIEW .............................................................................................. 5

    II.  PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ....... 7

        A. The Short Portions of Plaintiff's Works At
        Issue Lack Sufficient Originality to be Protectable ...................................................... 7

           1.  The One Word Lyric At Issue In
              Plaintiff's Composition Is Unprotectable .............................................................. 7

           2.  Plaintiff's Claims For Infringement of Plaintiff's
              Recording Should Be Dismissed Because the Recording
              of an Unprotectable Word Is Similarly Unprotectable ........................................... 9

        B. Even Assuming, Arguendo, that the Snippet Is Sufficiently
        Original to be Protectable, Defendants' Alleged Use is De Minimis .......................... 11

           1.  The Snippet, Lasting Less Than One
              Second, is not Quantitatively Significant .............................................................. 13

           2.  The Snippet Is Not Qualitatively Significant ....................................................... 14

CONCLUSION .............................................................................................................................. 16

**TABLE OF AUTHORITIES**

**CASES**                                                                    **PAGE(s)**

Acuff-Rose Music v. Jostens, Inc.,
    155 F.3d 140 (2d Cir. 1998)....................................................................9

Advanz Behavioral Management Resource v. Miraflor,
    21 F. Supp. 2d 1179 (C.D. Cal. 1998) .................................................8

Alberto-Culver Co. v. Andrea Dumon, Inc.,
    466 F.2d 705 (7th Cir. 1972) ...............................................................8

Arica Institute, Inc. v. Palmer,
    970 F.2d 1067 (2d Cir. 1992)...........................................................8, 9

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937 (2009)..................................................5

Bay Harbour Mgmt. LLC v. Carothers,
    282 Fed. Appx. 71 (2d Cir. 2008).........................................................6

Bell v. Blaze Magazine,
    No. 99 Civ. 12342 (RCC), 2001 U.S. Dist. LEXIS 2783
    (S.D.N.Y. Mar. 15, 2001) ............................................................7, 8, 9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955 (2007).................................................5, 6

Boone v. Jackson,
    206 F. App'x 30 (2d Cir. 2006) ...........................................................9

Capitol Records, Inc. v. Naxos of Am., Inc.,
    4 N.Y.3d 540 (2005) ........................................................................4, 10

Capitol Records, LLC v. ReDigi Inc.,
    934 F. Supp. 2d 640 (S.D.N.Y. 2013)...............................................4, 10

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)................................................................6

Elsmere Music, Inc. v. National Broadcast Co.,
    482 F. Supp. 741 (S.D.N.Y. 1980), aff'd, 623 F.2d 252 (2d Cir. 1980)............................14

Feist Publ'ns, Inc. v. Rural Telegraph Serv. Co.,
    499 U.S. 340, 111 S. Ct. 1282 (1991)..............................................7, 8

**CASES**                                                                                    **PAGE(s)**

First Nationwide Bank v. Gelt Funding Corp.,
    27 F.3d 763 (2d Cir. 1994)..................................................................5

Gottlieb Development LLC v. Paramount Pictures Corp.,
    590 F. Supp. 2d 625 (S.D.N.Y. 2008)...............................................8, 12

Gottwald v. Jones,
    No. 11 Civ. 1432 (CM)(FM), 2011 U.S. Dist. LEXIS 103414
    (S.D.N.Y. Sept. 12, 2011)..............................................................7

Hamil America, Inc. v. GFI,
    193 F.3d 92 (2d Cir. 1999)...........................................................11

Jarvis v. A & M Records,
    827 F. Supp. 282 (D.N.J. 1993) ....................................................12

La Pietra v. RREEF America, L.L.C.,
    738 F. Supp. 2d 432 (S.D.N.Y. 2010)..............................................5

Lentell v. Merrill Lynch & Co.,
    396 F.3d 161 (2d Cir. 2005)..........................................................5

Muller v. Twentieth Century Fox Film Corp.,
    794 F. Supp. 2d 429 (S.D.N.Y. 2011), aff'd,
    Muller v. Anderson, 501 F. App'x 81 (2d Cir. 2012).........................11

Narell v. Freeman,
    872 F.2d 907 (9th Cir. 1989) .........................................................8

Newton v. Diamond,
    388 F.3d 1189 (9th Cir. 2004) ..................................................12, 13

O'Brien v. Chappel & Co.,
    159 F. Supp. 58 (S.D.N.Y. 1958) .................................................9

Oldham v. Universal Music Group,
    No. 09 Civ. 7385 (LMM), 2010 U.S. Dist. LEXIS 126697 (S.D.N.Y. Nov. 29, 2010) ......9

Peter F. Gaito Architecture, LLC v. Simone Development Corp.,
    602 F.3d 57 (2d Cir. 2010).....................................................6, 7, 11

Peters v. West,
    692 F.3d 629 (7th Cir. 2012) ........................................................8

**CASES**                                                                     **PAGE(s)**

Poindexter v. EMI Record Group, Inc.,
  No. 11 Civ. 559 (LTS)(JLC), 2012 U.S. Dist. LEXIS 42174
  (S.D.N.Y. Mar. 27, 2012) ............................................................................................7, 13

Pyatt v. Raymond,
  No. 10 Civ. 8764 (CM), 2011 U.S. Dist. LEXIS 55754 (S.D.N.Y. May 19, 2011),
  aff'd, 462 F. App'x 22 (2d Cir. 2012)...................................................................................7

Rapoport v. Asia Electronics Holding Co.,
  88 F. Supp. 2d 179 (S.D.N.Y. 2000)....................................................................................6

Ringgold v. Black Entertainment Television, Inc.,
  126 F.3d 70 (2d Cir. 1997)...........................................................................................11, 12

Sandoval v. New Line Cinema Corp.,
  147 F.3d 215 (2d Cir. 1998).................................................................................................12

Staggs v. West,
  No. PJM 08-728, 2009 U.S. Dist. LEXIS 72275 (D. Md. Aug. 14, 2009).....................8, 9

Steward v. West,
  CV 13-02449 BRO (JCx) (C.D. Cal. August 14, 2014) ...........................................passim

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
  551 U.S. 308, 127 S. Ct. 2499 (2007)....................................................................................6

TufAmerica, Inc. v. Diamond,
  968 F. Supp. 2d 588 (S.D.N.Y. 2013).......................................................................passim

VMG Salsoul v. Ciccone,
  No. CV 12-05967 BRO (CWx), 2013 U.S. Dist. LEXIS 184127
  (C.D. Cal. Nov. 18, 2013)...................................................................................10, 11, 13

Williams v. Broadus,
  No. 99 Civ. 10957 (MBM), 2001 U.S. Dist. LEXIS 12894 (S.D.N.Y. Aug. 24, 2001)....12

**STATUTES**

37 C.F.R. § 202.1(a)...................................................................................................................8

Fed. R. Civ. P. 12(b)(6)....................................................................................................passim

Defendants WB Music Corp., Warner-Tamerlane Publishing Corp., Roc Nation LLC, Atlantic Recording Corporation, Roc-A-Fella Records, LLC and Shawn Carter (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiff TufAmerica, Inc. ("Plaintiff") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff's entire, misguided copyright infringement lawsuit is based on an alleged "sample" of the most fleeting one-syllable word – "oh" – in defendants' sound recording entitled, "Run This Town" ("Defendants' Recording"), performed by the artist Jay-Z.  Plaintiff alleges that this single-word sample is derived from Plaintiff's musical composition entitled "Hook & Sling Part 1" ("Plaintiff's Composition") and the sound recording thereof ("Plaintiff's Recording") (collectively, "Plaintiff's Works").  Importantly, Plaintiff does not allege that any musical element of Plaintiff's Works was copied – only the spoken word "oh," which appears just once in the introduction to Plaintiff's Works at approximately the 3-second mark, lasts for a fraction of a second in Plaintiff's Recording and is not repeated.  Plaintiff apparently believes that it has a monopoly on the use of the word "oh" and that it can stop others from using this word in recorded form.  Well-established copyright jurisprudence should allow this Court to disabuse Plaintiff of that notion.

First, it is black letter law that words and short phrases are simply not protectable under the Copyright Act.  Thus, Plaintiff cannot state a claim based on the alleged infringement of a generic lyric such as, "oh," or the sound recording thereof, and Plaintiff's claims should be

dismissed as a matter of law.[1]  Second, even if the word "oh" or the miniscule portion of Plaintiff's Recording featuring the single word was somehow original enough to warrant copyright protection, the alleged copying here of a sound lasting a fraction of a second in Plaintiff's Works is *de minimis* and thus not actionable.

Ironically, Plaintiff is well aware that this suit is baseless because it recently suffered dismissal of similarly misguided infringement claims based on more significant phrases than the single word at issue here.   Indeed, in TufAmerica, Inc. v. Diamond, 968 F. Supp. 2d 588 (S.D.N.Y. 2013), this Court dismissed several of Plaintiff's claims, including composition and sound recording infringement claims, based on the alleged sampling of the phrase, "Now I want y'all to break this down," finding such alleged infringements were ***quantitatively and qualitatively insignificant as a matter of law***.  One would think that, faced with this decision and the host of authority upon which it is based, Plaintiff would re-evaluate its objectively weaker "claims" herein.  Yet, it has refused, without explanation, to withdraw its claims here based on the objectively less significant sound of "oh."

Plaintiff is also well aware of the even more recent decision in Steward v. West, CV 13-02449 BRO (JCx), in which the Federal District Court for the Central District of California granted defendants' Rule 12 motions, dismissing musical composition infringement claims and over a dozen sound recording infringement claims based on the alleged use of short phrases such as "get down," "step up front" and "it's the hottest thing" which, as here, appeared once in the introduction to the plaintiffs' song at issue.  The Steward court, in a detailed analysis, found that each of these alleged samples could not support an infringement claim as they were quantitatively and qualitatively insignificant to the plaintiffs' song as a matter of law.  There can

---

[1] Solely for purposes of this motion, Defendants are not disputing whether the "oh" from Plaintiff's Composition or Recording was copied in Defendants' Recording, as dismissal is appropriate even if copying is assumed.  Should any of Plaintiff's claims survive dismissal, however, Defendants intend to vigorously dispute copying.

be no reasonable dispute in light of this precedent that Plaintiff's claims herein fail as a matter of law for the same reasons.

There is simply no way to justify the maintenance of a suit based on the word, or recorded sound, of "oh," particularly given the recent and well-supported holdings of TufAmerica v. Diamond and Steward v. West.  The Court can hear for itself that there is nothing quantitatively or qualitatively significant about this meager and fleeting sound.  Accordingly, Plaintiff fails to state any cognizable claims for copyright infringement, and the Complaint should be dismissed in its entirety as a matter of law.

## FACTUAL BACKGROUND

**A.**   **Plaintiff's Works**

According to the Complaint, in 1996, Plaintiff entered into an agreement with Al Scramuzza to acquire the copyrights to recordings released by Scramuzza's Scram Records label and songs published by his Uzza Music publishing company.  Compl. ¶ 12.   As part of this 1996 agreement, Plaintiff alleges to have acquired 50% of the copyrights in both Plaintiff's Recording and Plaintiff's Composition by the artist professionally known as Eddie Bo and became the exclusive administrator of Plaintiff's Works.   Compl. ¶¶ 14-15; Farkas Decl. Ex. B.   The Complaint further alleges that on May 25, 2000, Plaintiff recorded its interest in both Plaintiff's Recording and Plaintiff's Composition with the United States Copyright Office, Registration Number EU117231.  Compl. ¶¶ 16, 38.

**B.**   **Defendants' Recording and Plaintiff's Claims**

According to the Complaint, Plaintiff alleges that Defendants sampled a portion of Plaintiff's Recording and Plaintiff's Composition in Defendants' Recording, which was featured on the Jay-Z album titled "The Blueprint 3," as well as in the music video for the song, and

subsequently was featured on the compilation titled "The Hits Collection Volume 1".  Compl. ¶¶ 17-19.  Plaintiff's Complaint does not identify the allegedly copied portion of Plaintiff's Works (perhaps due to the trivial nature of the alleged "use").  However, in Plaintiff's cease and desist letter, dated May 13, 2013, Plaintiff reveals that the "snippet" at issue from Plaintiff's Recording can allegedly be heard at the 1:01 mark of Defendants' Recording, and repeats 42 other times throughout Defendants' Recording.  Farkas Decl. Ex. B.  The snippet at issue consists solely of the shouted word "oh" that appears once in Plaintiff's Recording, at approximately the 0:03 mark of the introduction of Plaintiff's Recording and lasts a fraction of a second.  Farkas Decl. Ex. A.  Plaintiff alleges in the Complaint that it did not authorize the alleged use of this sample in Defendants' Recording, in the music video for the song, or in the albums The Blueprint 3 and The Hits Collection Volume One.  Compl. ¶ 20.

Based on its bare allegations, Plaintiff has brought suit for copyright infringement under common law and the Copyright Act of 1976. Compl. ¶¶ 22-46.[2]  Plaintiff's Complaint contains four claims based solely on the alleged use of the lyric "oh":  (1) Common law copyright infringement of Plaintiff's Recording based on Defendants' Recording; (2) Common law copyright infringement of the Plaintiff's Recording based on the music video for Defendants' Recording; (3) Federal copyright infringement of Plaintiff's Composition in Defendants' Recording; and (4) Federal copyright infringement of Plaintiff's Composition in the music video for Defendants' Recording.  As demonstrated herein, the allegedly infringed portion of Plaintiff's Composition and Recording consists of nothing more than a single word "oh" which is not

---

[2] Plaintiff's Recording was made prior to 1972 and thus is not protected by federal copyright law or the remedies provided under the Copyright Act, including statutory damages.  Rather, Plaintiff is limited to a common law copyright claim for the alleged unauthorized use of the "oh" from Plaintiff's Recording.  While Plaintiff is not entitled to seek statutory damages or attorneys' fees under the Copyright Act, courts have held that the elements for a direct infringement claim under federal law mirror those for infringement of common law copyright under state law.  Capitol Records, LLC v. ReDigi Inc., 934 F. Supp. 2d 640, 657-58 n.8 (S.D.N.Y. 2013).  See also Capitol Records, Inc. v. Naxos of Am., Inc., 4 N.Y.3d 540, 563 (2005).

protectable under copyright law.  Indeed, even if one short word – or the recording thereof – could possibly be deemed original enough to warrant copyright protection, this fleeting and generic phrase is neither quantitatively nor qualitatively significant and, therefore, any alleged use of this snippet is *de minimis* as a matter of law.  As a result, Plaintiff's Complaint can and should be dismissed.

## ARGUMENT

### I.   STANDARD OF REVIEW

The Supreme Court explained in <u>Bell Atl. Corp. v. Twombly</u> that Rule 8(a)(2) requires a complaint to contain a "showing" that a plaintiff is entitled to relief, and that this substantive threshold is not achieved by "blanket assertion[s]."  550 U.S. 544, 556 n. 3, 127 S. Ct. 1955, 1965 n. 3 (2007).  A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency and plausibility of plaintiff's allegations.  <u>Id.</u> 550 U.S. at 570, 127 S. Ct. at 1974. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009).

In order to survive a motion to dismiss, plaintiffs must do more than solely recite the elements for a violation – they must plead facts with sufficient particularity so that their right to relief is more than mere conjecture.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 677-78, 129 S. Ct. at 1949; <u>Twombly</u>, 550 U.S. at 561-62, 129 S. Ct. at 1968-69.  While all factual allegations in a complaint are generally taken as true on a motion to dismiss, "'conclusions of law or unwarranted deductions of fact are not admitted.'" <u>Lentell v. Merrill Lynch & Co.</u>, 396 F.3d 161, 175 (2d Cir. 2005) (quoting <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763, 771 (2d Cir. 1994)); <u>La Pietra v. RREEF Am., L.L.C.</u>, 738 F. Supp. 2d 432, 436 (S.D.N.Y. 2010) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions") (citation & quotations omitted).  Dismissal is warranted where the complaint fails

to allege enough facts to state a claim for relief that is plausible on its face.  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

In deciding a motion to dismiss, courts will consider the complaint, as well as documents incorporated into the complaint by reference, documents that the plaintiff relied on in bringing suit, documents integral to the complaint, and matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23, 127 S. Ct. 2499, 2509 (2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  See Bay Harbour Mgmt. LLC v. Carothers, 282 F. App'x. 71, 76 (2d Cir. 2008) (affirming consideration of the contents of documents referenced in the amended complaint on a motion to dismiss); Rapoport v. Asia Elecs. Holding Co., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (considering two documents referenced in the amended complaint but not attached thereto).

In light of these principles, the Court should consider the following integral materials, in addition to the facts alleged in the Complaint:

- Plaintiff's Recording (Farkas Decl. Ex. A at Track 1) which embodies Plaintiff's Composition;

- Defendants' Recording (Farkas Decl. Ex. A at Track 2); and

- Plaintiff's Cease and Desist Letter, dated May 13, 2013 (Farkas Decl. Ex. B).

If, after reviewing this material, the Court finds that no protectable elements have been copied, it may dismiss Plaintiff's copyright infringement claims on a Rule 12(b)(6) motion, as Courts have routinely done in infringement actions.  Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) ("it is entirely appropriate for the district court to consider the similarity between [contested] works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation.");

TufAmerica, 968 F. Supp. 2d at 595; Bell v. Blaze Magazine, No. 99 Civ. 12342 (RCC), 2001 U.S. Dist. LEXIS 2783, at *9 (S.D.N.Y. Mar. 15, 2001) ("If a court determines that no reasonable jury could find that the works are substantially similar, or if it concludes that the similarities pertain only to unprotected elements of the work, it is appropriate for the court to dismiss the action because, as a matter of law, there is no copyright infringement.") (citation omitted). See also, Pyatt v. Raymond, No. 10 Civ. 8764 (CM), 2011 U.S. Dist. LEXIS 55754 (S.D.N.Y. May 19, 2011), aff'd, 462 F. App'x 22 (2d Cir. 2012) (comparing musical works on 12(b)(6) motion and dismissing copyright infringement claims);   Poindexter v. EMI Record Group, Inc., No. 11 Civ. 559 (LTS)(JLC), 2012 U.S. Dist. LEXIS 42174 (S.D.N.Y. Mar. 27, 2012) (same); Gottwald v. Jones, No. 11 Civ. 1432 (CM)(FM), 2011 U.S. Dist. LEXIS 103414 (S.D.N.Y. Sept. 12, 2011) (same).

If this Court determines, as it should, that the two works are "'not substantially similar as a matter of law,'" the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not "'plausibly give rise to an entitlement to relief.'" TufAmerica, 968 F. Supp. 2d at 595 (quoting Peter Gaito Architecture, 602 F.3d at 64).

## II.   PLAINTIFF FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

### A.   The Short Portions of Plaintiff's Works At Issue Lack Sufficient Originality to be Protectable

#### 1.   The One Word Lyric At Issue In Plaintiff's Composition Is Unprotectable

Mere allegations of copying alone are not sufficient to state a claim, because not all copying amounts to copyright infringement.  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991).  A copyright claim requires the "copying of constituent elements of the work that are original" and where the allegedly infringed material is not original

to the plaintiff or otherwise protectable, no claim for infringement can lie.  Id. 499 U.S. at 361,

111 S. Ct. at 1296.  Indeed, when the similarities alleged consist of unprotected elements, such as

concepts or commonplace, unoriginal expression, no claim of infringement has been alleged.

Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008).

It is well settled that words and short phrases are not original protectable expression and

cannot form the basis of an infringement claim.  37 C.F.R. § 202.1(a) ("[w]ords and short

phrases such as names, titles, and slogans" are material not subject to copyright).  See Arica Inst.,

Inc. v. Palmer, 970 F.2d 1067, 1067 (2d Cir. 1992) (single words or short phrases are not

copyrightable and are insufficient to establish infringement); Bell, 2001 U.S. Dist. LEXIS 2783,

at *6 ("Words and short phrases, such as titles or slogans, are insufficient to warrant copyright

protection, as they do not exhibit the minimal creativity required for such protection. Similarly,

copyright protection does not extend to a concept or idea, regardless of the form in which it is

communicated, explained, illustrated, or embodied.") (internal citations omitted).  See also,

Peters v. West, 692 F.3d 629 (7th Cir. 2012); Narell v. Freeman, 872 F.2d 907, 911 (9th Cir.

1989) ("[p]hrases and expressions conveying an idea typically expressed in a limited number of

stereotyped fashions are not subject to copyright protection") (citations omitted); Alberto-Culver

Co. v. Andrea Dumon, Inc., 466 F.2d 705, 710 (7th Cir. 1972); Staggs v. West, No. PJM 08-728,

2009 U.S. Dist. LEXIS 72275, at *7-8 (D. Md. Aug. 14, 2009); Advanz Behavioral Mgmt. Res.

v. Miraflor, 21 F. Supp. 2d 1179, 1190 (C.D. Cal. 1998) ("Words or short phrases, of course, are

not themselves copyrightable subject matter.") (citation omitted).

Plaintiff's Third and Fourth[3] infringement claims rely entirely on Defendants' alleged use

of the word "oh" from Plaintiff's Composition in Defendants' Recording.  These claims violate

the well-settled "words and short phrases" doctrine, and should be dismissed for failure to state a

---

[3] Plaintiff has mistakenly referred to its Fourth Claim as its "Sixth Cause of Action."

claim upon which relief can be granted as a matter of law.  Fed. R. Civ. P. 12(b)(6).  <u>See Arica</u> <u>Inst., Inc.</u>, 970 F.2d at 1067; <u>Bell</u>, 2001 U.S. Dist. LEXIS 2783, at *6.  Simply put, Plaintiff cannot enjoy a monopoly over the word "oh" as a matter of well-settled copyright jurisprudence. <u>See</u> <u>Boone v. Jackson</u>, 206 F. App'x 30, 33 (2d Cir. 2006) (finding that the common phrase "holla back" is not protectable);  <u>Acuff-Rose Music v. Jostens, Inc.</u>, 155 F.3d 140, 144 (2d Cir. 1998) (finding the phrase, "you've got to stand for something, or you'll fall for anything" too common to accord copyright protection); <u>Oldham v. Universal Music Group</u>, No. 09 Civ. 7385 (LMM), 2010 U.S. Dist. LEXIS 126697 (S.D.N.Y. Nov. 29, 2010) (granting defendant's Rule 12(c) motion, and dismissing plaintiffs' copyright infringement claim based, *inter alia*, on the use of the word "why"); <u>Staggs</u>, 2009 U.S. Dist. LEXIS 72275, at *8-9 (claims based on allegedly similar words and short phrases, such as "good life," dismissed as not copyrightable); <u>O'Brien v. Chappel & Co.</u>, 159 F. Supp. 58 (S.D.N.Y. 1958) (granting motion for judgment on the pleadings and dismissing infringement claim premised upon use of the phrase "night and noon").

Accordingly, Plaintiff cannot state a claim based on the alleged use of the unprotectable lyric "oh" in Plaintiff's Composition, and Plaintiff's Third and Fourth Claims should be dismissed.[4]

### 2.  Plaintiff's Claims For Infringement of Plaintiff's Recording Should Be Dismissed Because the Recording of an Unprotectable Word Is Similarly Unprotectable

Plaintiff's First and Second Claims, which allege common law infringement of Plaintiff's Recording based on the sampling of the recorded (and unprotectable word) "oh" should also be

---

[4] It is not entirely clear whether the sound of "oh" is even part of Plaintiff's Composition and thus whether or not Plaintiff can even pursue its claims regarding the alleged infringement thereof.  Defendants assume, for purposes of this motion, that the "oh" sound is part of Plaintiff's Composition, and reserve the right to challenge this compositional element should any of Plaintiff's claims survive this motion.

dismissed.[5]  Just as the lyric "oh" lacks sufficient originality, a recording of someone reciting this unprotectable, mono-syllabic word is also unprotectable.  TufAmerica, 968 F. Supp. 2d at 606.  "That this case involves the practice of sampling prior music into a new composition does not alter this analysis." Id. at 595 (citation & quotations omitted) (dismissing claims of copyright infringement as to both the composition and recording of an alleged sample when the allegedly sampled material was unprotectable as a matter of law).  See also VMG Salsoul v. Ciccone, No. CV 12-05967 BRO (CWx), 2013 U.S. Dist. LEXIS 184127 (C.D. Cal. Nov. 18, 2013) (holding that a sound recording of a single chord lacked sufficient originality to form the basis of an infringement claim).

A recent decision from this Court against Plaintiff, TufAmerica, Inc. v. Diamond, 968 F. Supp. 2d 588, compels dismissal of Plaintiff's claims herein.  On the defendants' Rule 12(b)(6) motion to dismiss, this Court considered Plaintiff's claims of copyright infringement, based on the alleged sampling of several musical compositions and sound recordings (which Plaintiff claimed to administer) in multiple recordings by the rap group The Beastie Boys  released  in the late 1980s.  In one claim, Plaintiff alleged that the Beastie Boys song "Car Thief" infringed the copyrights of both Plaintiff's musical composition and sound recording entitled "Drop the Bomb", by allegedly sampling a four-second long sound of "continuously descending synthesizer note with drums, percussion, and swelling voices underneath."  Id. at 604.  Given that the sample was reminiscent of the descending-pitch sound that accompanies a visual image of a falling object, the Court found that "the sample at issue lacks the requisite originality to be afforded copyright protection."  Id. at 604-05.  Because the sample was unprotectable as a matter

---

[5] Again, Courts require the same elements for a claim for infringement under common law as they do for a federal copyright infringement.  See Naxos of Am., Inc., 4 N.Y.3d at 563; ReDigi Inc., 934 F. Supp. 2d at 657-58 n.8.

of law, this Court went on to dismiss Plaintiff's claims of copyright infringement as to <u>both</u> the composition and sound recording of the sample. <u>Id.</u> at 605.

This is precisely what Defendants now ask this Court to find – just as a single-word lyric lacks sufficient originality to form the basis for an infringement claim, a recording of that single word likewise lacks sufficient originality. <u>See</u> <u>TufAmerica</u>, 968 F. Supp. 2d at 606; <u>VMG Salsoul</u>, 2013 U.S. Dist. LEXIS 184127, at *26-27. Indeed, the fleeting sound "oh" is significantly less original than Plaintiff's four-second musical segment at issue in <u>TufAmerica v. Diamond</u>. Accordingly, Plaintiff's claims for infringement of Plaintiff's Recording should be dismissed.

**B.    Even Assuming, *Arguendo,* that the Snippet Is Sufficiently
<u>Original to be Protectable, Defendants' Alleged Use is *De Minimis*</u>**

To succeed on a claim for copyright infringement, a Plaintiff with a valid copyright must demonstrate that: "'(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" <u>Peter F. Gaito Architecture</u>, 602 F.3d at 63 (quoting <u>Hamil Am., Inc. v. GFI</u>, 193 F.3d 92, 99 (2d Cir. 1999)). The issue of substantial similarity here is determined by analyzing "whether the copying goes to trivial or substantial elements" of Plaintiff's Works, as whatever is alleged to have been copied must be substantial, protectable elements of the plaintiff's work. <u>TufAmerica</u>, 968 F. Supp. 2d at 598 (citations omitted); <u>Muller v. Twentieth Century Fox Film Corp.</u>, 794 F. Supp. 2d 429, 440 (S.D.N.Y. 2011), <u>aff'd</u>, <u>Muller v. Anderson</u>, 501 F. App'x 81 (2d Cir. 2012).

When determining substantial similarity, "a court considers whether 'the copying is quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred.'" <u>Muller</u>, 794 F. Supp. 2d at 440 n.3 (quoting <u>Ringgold v.</u>

Black Entm't Television, Inc., 126 F.3d 70, 75 (2d Cir. 1997)).  In other words, if the copying is so trivial as to fall below the quantitative threshold of substantial similarity, it is *de minimis* and not actionable.  Gottlieb Dev., 590 F. Supp. 2d at 632 ("The legal maxim 'de minimis non curat lex' – 'the law does not concern itself with trifles' – applies in the copyright context.") (citation omitted).  "To establish that the infringement of a copyright is de minimis, and therefore not actionable, the alleged infringer must demonstrate that the copying of the protected material is so trivial 'as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying.'" Sandoval v. New Line Cinema Corp., 147 F.3d 215, 217 (2d Cir. 1998) (quoting Ringgold, 126 F.3d at 74 (other citations omitted)).  "In determining whether or not the allegedly infringing work falls below the quantitative threshold of substantial similarity to the copyrighted work, courts often look to the amount of the copyrighted work that was copied . . . ." Id. at 217 (citing Ringgold, 126 F.3d at 75).

"As when addressing substantial similarity in any respect, the question of '[s]ubstantiality is measured by considering the qualitative and quantitative significance of the copied portion in relation to the **plaintiff's work as a whole**.'" TufAmerica, 968 F. Supp. 2d at 598 (emphasis supplied) (quoting Newton v. Diamond, 388 F.3d 1189, 1195 (9th Cir. 2004); Williams v. Broadus, No. 99 Civ. 10957 (MBM), 2001 U.S. Dist. LEXIS 12894, at *13-14 (S.D.N.Y. Aug. 24, 2001) (In a copyright infringement case, "it is not the significance of the copied material in the allegedly infringing work that determines substantial similarity.  Rather, it is the significance of such material in the work allegedly infringed that is important.") (citations omitted); Jarvis v. A & M Records, 827 F. Supp. 282, 291 (D.N.J. 1993).  Applying this analysis to the instant case mandates dismissal of Plaintiff's claims.

1.      **The Snippet, Lasting Less Than One**
        <u>**Second, is not Quantitatively Significant**</u>

The unprotectable word "oh" is obviously trivial compared to Plaintiff's Works as a whole – the alleged sample lasts a fraction of a second in the introduction to Plaintiff's Works and is not repeated.  <u>See</u> Farkas Decl. Ex. A Track 1.  This alleged use is quantitatively insignificant as a matter of law.  Indeed, Courts have held much larger "uses" to be quantitatively insignificant.  <u>See e.g.</u>, <u>TufAmerica</u>, 968 F. Supp. 2d at 605-606  (a three-second sample and a six-second sample were not quantitatively significant); <u>Poindexter</u>, 2012 U.S. Dist. LEXIS 42174 (concluding on a motion to dismiss that the use of a single note sounding for close to two seconds was *de minimis*);  <u>Newton</u>, 388 F.3d at 1258 (a six-second sample comprising 2% of plaintiff's work was not quantitatively significant); Order Granting Defendants' Motion for Judgment on the Pleadings and Denying Plaintiffs' Cross-Motion, <u>Steward v. West</u>, CV 13-02449 BRO (JCx) (C.D. Cal. August 14, 2014) (finding that half-second samples of Plaintiff's song were not quantitatively significant) (Farkas Decl. Ex. C);  <u>VMG Salsoul</u>, 2013 U.S. Dist. LEXIS 184127, at *27 (a quarter-second sample comprising a total of 16 seconds out of seven minute-long recording was not quantitatively significant).  Accordingly, Plaintiff's infringement claims can be dismissed on this independent basis.

This Court's holding in <u>TufAmerica v. Diamond</u> on this basis is compelling, and equally supports dismissal of Plaintiff's claims here.  In <u>TufAmerica</u>, this Court held that a 3-second sequence from Plaintiff's song, which "includes punchy guitar chords backed by percussion under the distinctive shouted lyrics, 'Now I want y'all to break this down'" which appeared only once in Plaintiff's song was "quantitatively minute" as compared to Plaintiff's entire, allegedly infringed work as a whole.  968 F. Supp. 2d at 607.  If the phrase "Now I want y'all to break this

down" with accompanying music is quantitatively minute, then the once-uttered, one-syllable spoken word "oh" is practically non-existent.

Similarly, in <u>Steward v. West</u>, in dismissing plaintiff's infringement claims on a Rule 12 motion, the court held the plaintiffs had failed to state a claim for infringement based on recordings of such phrases as "get down," "step up" and "it's the hottest thing" which were held to be quantitatively "minimal." <u>See</u> Farkas Decl. Ex. C. Again, the sound "oh" is objectively quantitatively less significant than any of the alleged infringements in <u>TufAmerica</u> and <u>Steward</u>.

## 2.    <u>The Snippet Is Not Qualitatively Significant</u>

Even where courts find that an alleged copying is quantitatively small, the sample may become substantial if it "is of great qualitative importance to the [plaintiff's] work as a whole." <u>TufAmerica, Inc.</u>, 968 F. Supp. 2d at 599 ("the quantitative analysis of two works must always occur in the shadow of their qualitative nature") (citations & quotations omitted). Courts have found that copying is not *de minimis* where the sample goes to "the heart of the [original] composition." <u>Elsmere Music, Inc. v. Nat'l Broad. Co.</u>, 482 F. Supp. 741, 744 (S.D.N.Y. 1980), <u>aff'd</u>, 623 F.2d 252 (2d Cir. 1980).

Again, the recent decision, <u>TufAmerica v. Diamond</u>, is instructive and compels dismissal of Plaintiff's claims. The <u>TufAmerica</u> court ruled that the alleged sample of the shouted words "say what" in one sound recording might not be *de minimis* as matter of law because, although a common phrase, the words were also the plaintiff's song's title and occurred nine times in plaintiff's recording. 968 F. Supp. 2d at 603. In contrast, the court held that the alleged three-second sample of the shouted words "Now I want y'all to break this down" was *de minimis* as a matter of law because the phrase was not in Plaintiff's song's title, appeared only once in the 6:20 minute-long recording, and there was nothing that suggested that the allegedly infringed

14

portion was "even thematically relevant and there is no repetition." Id. at 607.  Thus, as here, "there is nothing in Plaintiff's Amended Complaint or the song itself to suggest that its value to the piece is so significant as to give qualitative value to an otherwise quantitatively minute portion." Id.  Accordingly, in TufAmerica, Plaintiff's sampling claim was dismissed at the pleading stage. Id.

Similarly, in Steward v. West, the Court granted Defendants' Rule 12 motion and dismissed plaintiffs' infringement claims involving over a dozen different musical recordings based on a finding that the alleged infringements were all *de minimis*.  See Farkas Decl. Ex. C.  As here, the allegedly infringed snippets appeared in the introduction to the plaintiffs' song.  As here, the allegedly infringed snippets were not repeated in the plaintiffs' song.  The Steward Court held that the snippets at issue – consisting of phrases such as "get down," "step up front" and "it's the hottest thing" were qualitatively insignificant to the plaintiffs' song as they were not repeated, were in the spoken introduction of the song, and were hardly the "heart and hook" of plaintiffs' song.  As with the TufAmerica holding, the Steward court would have undoubtedly held a snippet consisting of nothing more than "oh" is *de minimis* and cannot support an infringement claim.

Here, the unprotectable word allegedly used in Defendants' Recording does not appear in the title of Plaintiff's Works, nor is it repeated in Plaintiff's Composition or Plaintiff's Recording after the one-time use three seconds into the introduction to Plaintiff's Works.  Plaintiff does not allege (nor could it) that the single, generic word "oh" can possibly be deemed the "heart of the song" or otherwise of "great importance" to Plaintiff's Works.  Further, the alleged sample of the shouted word "oh" is objectively less significant than the alleged sampling of the eight word

phrase that the court in <u>TufAmerica</u> found to be *de minimis*.  <u>See</u> <u>TufAmerica</u>, 968 F. Supp. 2d at 603-7; <u>Steward v. West</u>, CV 13-02449 BRO (JCx).

Accordingly, Plaintiff's infringement claims should be dismissed as a matter of law.

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendants respectfully request that the Court dismiss the Complaint for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice, and further request that the Court award Defendants such other and further relief as the Court deems just and proper.

Dated:   New York, New York
   September 9, 2014

PRYOR CASHMAN LLP

By:  <u>/s Ilene S. Farkas</u>
  Brad D. Rose (BR-2740)
  Ilene S. Farkas (IF-3212)
  Erik T. Kindschi (EK-4014)
  7 Times Square
  New York, New York 10036-6569
  (212) 421-4100