UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TUFAMERICA, INC.,

                Plaintiff,

      -against-                                  13-cv-7874 (LAK)

WB MUSIC CORP., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

              Appearances:

                          Kelly D. Talcott
                          *Attorney for Plaintiff*

                          Brad D. Rose
                          Ilene S. Farkas
                          Erik T. Kindschi
                          PRYOR CASHMAN LLP
                          *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        This musical copyright case, which is before the Court on defendants' motion to dismiss the complaint, comes down to the question whether the defendants' alleged sampling and use of the word "oh" in an audio recording and music video entitled *Run This Town* gives rise to a plausible claim of infringement.  Plaintiff's allegedly infringed works are a composition and a recording thereof in each of which that word – "oh" – appears once.  Even assuming that defendants copied, or "sampled," a portion of plaintiff's works, plaintiff has not stated a plausible claim.

*Facts*

*The Claims*

   Plaintiff allegedly owns copyrights in a musical work called *Hook & Sling Part I* (the "Composition") and a performance thereof by Eddie Bo and the Soul Finders that is contained in a master recording (the "Hook & Sling Master" or the "Master").[1]  Defendants allegedly produced and released an audio recording entitled *Run This Town* as well as a music video of the same title, each of which contains a performance of the song by Jay-Z, Rihanna, and Kanye West.[2]

   The complaint alleges that "defendants used one or more unauthorized samples[3] of significant portions of the Hook & Sling Master and Composition" in *Run This Town*.[4]  In fact,

---

[1]

  A copyright in a musical composition is distinct from a copyright in a particular recording thereof.  *See, e.g.*, *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 272 n.1 (6th Cir. 2009) ("Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights."); *Ulloa v. Universal Music & Video Distribution Corp.*, 303 F. Supp. 2d 409, 412 (S.D.N.Y. 2004) ("Copyright protection extends to two distinct aspects of music: (1) the musical composition, which is itself usually composed of two distinct aspects—music and lyrics; and (2) the physical embodiment of a particular performance of the musical composition, usually in the form of a master recording." (internal quotation marks omitted)); 6 NIMMER ON COPYRIGHT § 30.03 ("Copyright ownership of the physical embodiment of the performance of a musical composition (*e.g.*, a master recording) is distinct from the ownership of the copyright in the musical composition itself . . . .").  A leading copyright authority argues, for example, that "repetition of the word 'dog' in a low tone of voice at regular intervals" in a sound recording at issue in *Bridgeport Music* was protected, if at all, by the sound recording copyright and not the copyright on the composition.  1 NIMMER ON COPYRIGHT § 2.05[A] (internal quotation marks omitted).

[2]

  *See* Compl. ¶¶ 17, 19.

[3]

  While the complaint is not explicit, the Court for present purposes construes the word "sample," when used as a noun, to refer to a copy of a portion of the digital or other recording of the Hook & Sling Master.  When used as a verb, the Court construes "sample" to refer to the making of a copy of a portion of such a recording.

[4]

  Compl. ¶ 17.

however, this dispute is far narrower than that allegation suggests.  Plaintiff's pre-suit claim letter, and its acquiescence on this motion in defendants' characterization of its claim, establish that the dispute relates entirely to defendants' alleged sampling and use of the word "oh" – which appears once in the Hook & Sling Master at approximately 0:03 and allegedly appears 42 times in *Run This Town*, the first of which may occur at approximately 0:22.[5]

Plaintiff asserts four infringement claims.  The first and second allege common law copyright infringement of the Hook & Sling Master by defendants' audio recording and music video, respectively.[6]  The third and fourth allege statutory copyright infringement of the Composition by the same accused works, respectively.[7]

---

[5]

See Pl.'s Mem. [DI 16], at 7 n.34.

Plaintiff's claim letter complained only of a single "sample."  *See* Farkas Decl. [DI 12] Ex. B, at 1.  Defendants assert that "[p]laintiff does not allege that any musical element of Plaintiff's Works was copied – only the spoken word "oh," which appears just once in the introduction to Plaintiff's Works at approximately the 3-second mark."  Def.'s Mem. [DI 13], at 1.  Plaintiff acknowledges that this is its only basis for the claim thus far, but would hold out the possibility that discovery might reveal that defendants copied or "sampled" other portions of *Hook & Sling Part I* as well.  DI 16, at 1.  Inasmuch as plaintiff (and the rest of the world) has access to *Run This Town* in the form of sound and video recordings, it is impossible to imagine how discovery could reveal any material copying that is not already discernable, even assuming *arguendo* that "oh" was copied or "sampled."

[6]

See Compl. ¶¶ 22-34.

The Hook & Sling Master was made before 1972 and thus is not protected by the federal Copyright Act.  *See* 17 U.S.C. § 301(c); *Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471, 477 (2d Cir. 2004).  The elements of a direct common law copyright infringement claim, however, are substantially the same as those under federal law.  *See Capitol Records, LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 657-58 n.8 (S.D.N.Y. 2013).  A common law copyright infringement cause of action "consists of two elements: (1) the existence of a valid copyright; and (2) unauthorized reproduction of the work protected by the copyright." *Capitol Records, Inc. v. Naxos of Am., Inc.*, 4 N.Y.3d 540, 563 (2005).

[7]

See Compl. ¶¶ 35-46.

*The Allegedly Infringed and the Accused Works*

   The Hook & Sling Master begins with Eddie Bo calling out "Are ya ready?"  A group responds "Yeah!"  At 0:03, Bo calls or shouts "oh!" and then "one, two, a-one, two, three, four." Percussive music then begins, followed by more lyrics and a guitar melody with bass support.  The lyrics indicate that *Hook & Sling Part I* was designed to introduce or accompany a dance called the "Hook and Sling."

   *Run This Town* bears very little and perhaps no similarity at all to *Hook & Sling Part I.*  The melody and lyrics are entirely different.  The lyrics do not contain the word "oh."  And while the Court assumes, as plaintiff contends, that the alleged "sample" of that word appears in the accused recording and video 42 separate times, it must be said also that it does so, if at all, only in the background and in such a way as to be audible and aurally intelligible only to the most attentive and capable listener.

*Discussion*

   To prove infringement, a plaintiff must show "ownership of a valid copyright" and "unauthorized copying of the copyrighted work."[8]  In order to establish unauthorized copying, the plaintiff "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's."[9]

---

[8]

   *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) and *Castle Rock Entm't, Inc. v. Carol Publ'g Grp.*, 150 F.3d 132, 137 (2d Cir. 1998)).

[9]

   *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999) (quoting *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995)); *accord Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003); *Boisson v. Banian, Ltd.*, 273 F.3d

The parties here assume for purposes of this motion that plaintiff has valid copyrights in the Hook & Sling Master and the Composition.  They assume further that defendants "sampled" – *i.e.*, actually copied – the word "oh" from the Master and used that sample in the accused works.[10] On those assumptions, then, this case comes down to whether there is a substantial similarity between *Run This Town* – whether the audio recording or the music video or both – and *Hook & Sling Part I* or Eddie Bo's performance thereof in the Hook & Sling Master.

In considering whether two works are substantially similar, a court examines "'whether the copying goes to trivial or substantial elements' of the *original* work"[11] and determines whether "the copying is quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred."[12]

## I.    Protectibility of the Allegedly Infringed Elements

Not every instance of copying of a protected work is copyright infringement.[13]  Only

---

262, 267-68 (2d Cir. 2001) (citing *Feist Publ'ns*, 499 U.S. at 361 and *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998)); *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 69-70 (2d Cir. 1999).

[10]   The defendants' assumption, *arguendo*, that plaintiff has valid copyrights in the Master and the Composition has an important qualification, as explained below.

[11]   *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 598 (S.D.N.Y. 2013) (quoting *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2003)); *see also* DI 13, at 11 (quoting *TufAmerica*); DI 16, at 4 (quoting *Newton*).

[12]   *Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70, 75 (2d Cir. 1997); *see also Newton*, 388 F.3d at 1195 ("Substantiality is measured by considering the qualitative and quantitative significance of the copied portion in relation to the plaintiff's work as a whole."); DI 13, at 11-12 (quoting *Ringgold*); DI 16, at 4 (quoting *Newton*).

[13]   *See Feist Publ'ns*, 499 U.S. at 361 ("Not all copying . . . is copyright infringement.").

"constituent elements of the work that are *original*" are protected.  Hence, where the allegedly infringed material is not original, there is no copyright infringement.[14]

Defendants assume for purposes of this motion that plaintiff owns valid copyrights in the Hook & Sling Master and in the Composition.  Nevertheless, defendants point out that it is appropriate for courts to dismiss copyright infringement claims for legal insufficiency where no protectible element of a copyrighted work has been copied.[15]  Resting on this principle, they specifically challenge the protectibility of the word "oh" in the Composition and of Eddie Bo's rendition of that word as it is performed in the Hook & Sling Master.[16]  They contend, in essence, that neither the word "oh" nor the performance thereof is sufficiently original to be protectible.[17]

With respect to the word "oh" as it appears in the Composition, defendants almost surely are right.  The word "oh" is a single and commonplace word.  Standing alone, it likely is not deserving of copyright protection.[18]  Even plaintiff's counsel at oral argument characterized his

---

[14]

     *Id.* (emphasis added).

[15]

     *See* DI 13, at 6 (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010)).

[16]

     *See id.* at 7-11.

[17]

     *See id.*

[18]

     *See, e.g., Africa Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992) (noting that "single words or short phrases" often "do not exhibit the minimal creativity required for copyright protection"); *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection."); *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987) ("[A] cliche or an 'ordinary' word-combination by itself will frequently fail to demonstrate even the minimum level of creativity necessary for copyright protection."); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972) (the "ordinary" phrase "'most personal sort of deodorant'" does not qualify as an "appreciable amount of original text" and therefore "is not subject to copyright protection" (internal quotation marks omitted)); *Lewinson v. Henry Holt & Co.*, 659 F. Supp. 2d 547,

Composition claims as "extremely weak," all but conceding that those claims – which would require the Court to conclude that the word "oh," as it appears in the lyrics of the Composition, has sufficient originality to warrant copyright protection – were legally insufficient.[19]  As this motion may be resolved on other grounds, however, the Court need not decide whether the word "oh," as it appears the Composition, is protectible.  Rather, it assumes, *arguendo*, that "oh," as it appears in *Hook & Sling Part I*, is protectible.

Whether Eddie Bo's performance of the word "oh" in the Hook & Sling Master is sufficiently original to warrant copyright protection is a somewhat closer question.  Originality is a low bar,[20] and Eddie Bo's performance of the word "oh" – whether accurately characterized, as plaintiff's counsel would have it, as "exuberantly-shouted"[21] or otherwise – may be "minimally creative" and thus protectible.[22]  Again, however, the Court need not reach this issue because defendants' motion to dismiss may be decided on other grounds.  For purposes of this motion alone, the Court assumes that Eddie Bo's rendition of "oh" in the Master is protectible.

---

573-74 (S.D.N.Y. 2009) (finding it "doubtful" that images "so common as to be cliché" satisfy "the minimum level of creativity necessary to qualify for copyright protection"); *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 988 F. Supp. 289, 295 (S.D.N.Y. 1997) ("As a well-worn cliche or motto, the "ordinary" phrase may be freely quoted or otherwise used without fear of infringement."); *see also* 37 C.F.R. § 202.1 (stating that "[w]ords and short phrases" are "not subject to copyright").

[19]

Hr'g Tr. (Nov. 25, 2014), at 13.

[20]

*See* 1 NIMMER ON COPYRIGHT § 2.01[B] ("[E]ven most commonplace and banal results of independent effort may command copyright protection, provided such independent effort is quantitatively more than minimal." (footnote omitted)).

[21]

DI 16, at 1.

[22]

*Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 674, 681-82 (2d Cir. 1998).

II.     *Substantial Similarity*

Though the parties agree on the basic framework of the substantial similarity test, they quarrel over its particulars.  Defendants contend that "whatever is alleged to have been copied must be substantial, protectable elements of the plaintiff's work."[23]  Plaintiff, on the other hand, contends that the proper frame of analysis is known as "'fragmented literal similarity.'"[24]  But the parties' discussions of their respective positions are not especially helpful or relevant.

The fundamental question on this motion is whether plaintiff has pleaded sufficient facts that, if accepted as true, would "state a claim to relief that is plausible on its face."[25]  To state such a claim, plaintiff must provide more than mere "labels and conclusions."[26]  "[A] formulaic recitation of the elements of a cause of action will not do."[27]  Rather, a claim is facially plausible only if the facts pleaded – assuming their truth and drawing all reasonable inferences in the plaintiff's favor – "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28]  A court evaluating a Rule 12(b)(6) motion considers only the complaint and

---

[23]  DI 13, at 11.

[24]  DI 16, at 3 (quoting *Ringgold*, 126 F.3d at 75 n.3).

[25]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010); *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009).

[26]  *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts evaluating Rule 12(b)(6) motions to dismiss "are not bound to accept as true a legal conclusion couched as a factual allegation").

[27]  *Twombly*, 550 U.S. at 555.

[28]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

any materials attached to it, incorporated by reference into it, or "upon which [it] relies heavily."[29]

In considering this motion, the Court has considered plaintiff's arguments in light of the allegations in the complaint and has reviewed plaintiff's and the accused works, which the complaint necessarily incorporates and relies upon.  Having done so, the Court concludes that – regardless of the characterization of the governing standard – the relevant works bear no substantial similarity to one another.  It would be impermissible to conclude that defendants are liable in this case.

A.     *Quantitative Significance*

Plaintiff's counsel conceded at oral argument on this motion that "there is no way" that the word "oh" is quantitatively significant to *Hook & Sling Part I* and to Eddie Bo's performance thereof in the Hook & Sling Master.[30]  For good reason.  The allegedly sampled portion of the Master constitutes only a fraction of a second in a recording that is about 2 minutes and 35 seconds long.  Were the Court to find "oh" quantitatively significant to *Hook & Sling Part I* or to Eddie Bo's performance thereof, it in effect would read the quantitative significance element out of the substantial similarity test.  This the Court will not do.  The word "oh" has essentially no quantitative significance to *Hook & Sling Part I* or to the Hook & Sling Master.[31]

---

[29]

     *Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y.*, 678 F.3d 184, 187 (2d Cir. 2012) (internal quotation marks omitted); *see also DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[30]

     *See* Hr'g Tr. (Nov. 25, 2014), at 14.

[31]

     *See Ringgold*, 126 F.3d at 74-75.

B.      *Qualitative Significance*

To be sure, "no plagiarist can excuse the wrong by showing how much of his work he did not pirate."[32]   Thus, the Court's conclusion that "oh" bears little or no quantitative significance to the Composition or the Master does not end its substantial similarity inquiry.  Indeed, "even if the literal duplication is relatively small, the trier of fact may still find substantial similarity if the language duplicated is material [*i.e.*, qualitatively significant] to the copied work."[33]   In fact, the qualitative significance prong of the substantial similarity test – which "concerns the copying of expression, rather than ideas"[34] – in many ways is more important than its quantitative counterpart.[35]  And yet, while disposition of the issue of substantial similarity on a motion to dismiss or for summary judgment may be inappropriate where the copied portion's qualitative significance to the plaintiff's work is arguable,[36] this is not such a case.

Plaintiff contends, among other things, that the allegedly sampled lyric – "oh" – "serves as the introductory gateway to the main body of the song" and that it "sets the exuberant tone

---

32

      *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936) (L. Hand, J.).

33

      *Werlin v. Reader's Digest Ass'n*, 528 F. Supp. 451, 463-64 (S.D.N.Y. 1981); *see also Williams v. Broadus*, No. 99 Civ. 10957, 2001 WL 984714, at *3 (S.D.N.Y. Aug. 27, 2001) ("Even if it is relatively small, the portion of the pre-existing work may be substantial if it is of great qualitative importance to the [pre-existing] work as a whole. (alteration in original) (internal quotation marks omitted)).

34

      *Ringgold*, 126 F.3d at 75.

35

      *See, e.g.*, *Nihon Keizai Shimbun*, 166 F.3d at 71 ("[T]he  quantitative analysis of two works must always occur in the shadow of their qualitative nature."); *Rogers v. Koons*, 960 F.2d 301, 311 (2d Cir. 1992) ("Even more critical than the quantity is the qualitative degree of the copying: what degree of the essence of the original is copied in relation to its whole.").

36

      *See, e.g.*, *Peter Letterese & Assocs. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1307 (11th Cir. 2008).

for the remainder of the work."[37]  Without Eddie Bo's "loudly-shouted, buoyantly exuberant 'Oh!',"
as plaintiff puts it, the Hook & Sling Master "would be materially diminished."[38]

As an initial matter, the Court notes that it evaluates qualitative significance by
reference to the allegedly infringed work, not to plaintiff's descriptions of that work.  What matters
is the relevant portion of the plaintiff's work itself, not the adverbs and adjectives that imaginative
counsel use to describe it.  In this case, then, the Court must determine the qualitative significance
of the word "oh" as it appears in the lyrics of *Hook & Sling Part I* and as it is performed by Eddie
Bo in the Hook & Sling Master.

In both contexts, the Court holds that "oh" is qualitatively insignificant.  As noted
above, plaintiff's counsel has admitted that his client's Composition claims are "extremely weak."[39]
The Court agrees.  The word in question – "oh" – is quite common.  It appears only once, if it
appears at all, in the introductory lyrics to *Hook & Sling Part I*.  There is nothing inherently or
especially important about "oh" to the message conveyed by, or the theme presented in, the
Composition.  It is not, in other words, "the heart of the composition."[40]  The Composition claims
are baseless.

Similarly, Eddie Bo vocalizes "oh" only once, in the introduction to his rendition of
*Hook & Sling Part I.*  His vocalization of the word is not accompanied by music and lasts no more

---

[37]  DI 16, at 7.

[38]  *Id.*

[39]  Hr'g Tr. (Nov. 25, 2014), at 13.

[40]  *Elsmere Music, Inc. v. Nat'l Broad. Co.*, 482 F. Supp. 741, 744 (S.D.N.Y.) (finding a "relatively slight" taking "far more than merely . . . [d]e minimis" because the copied material was "the heart of the [original] composition"), *aff'd*, 623 F.2d 252 (2d Cir. 1980).

than a fraction of a second.  Plaintiff's descriptions notwithstanding, the Court holds that the Master would not have suffered if "oh" had been replaced by any of a host of monosyllabic or duosyllabic utterances.  Indeed, "oh" could have been omitted entirely without altering the essence of *Hook & Sling Part I* or Eddie Bo's performance thereof.  As with the Composition, then, it cannot plausibly be argued that "oh" is "'of great qualitative importance to the [Master] as a whole.'"[41]

Further, Plaintiff's tautological argument that "oh" must be qualitatively significant to *Hook & Sling Part I* and to the Hook & Sling Master because defendants' sampled it more than 40 times in *Run This Town*[42] misunderstands copyright law generally and the substantial similarity test in particular.  It is also quite unpersuasive in the particular factual circumstances of this case.

First, and most importantly, the substantial similarity test in all cases considers only "'the qualitative and quantitative significance of the copied portion in relation to the *plaintiff's* work as a whole.'"[43]  Its significance to the defendants' works is irrelevant.[44]  Were it the other way

---

[41]

> *TufAmerica*, 968 F. Supp. 2d at 598 (quoting *Williams*, 2001 WL 984714, at *3).  The Court's findings align with Judge Nathan's in *TufAmerica, Inc. v. Diamond*, a similar case involving the same plaintiff.  *See id.* at 607 (concluding that "there is nothing in the [original] song itself to suggest that [the] value to the piece" of the phrase "Now I want y'all to break this down" – which in the original work lasted for three seconds and appeared only once, in the first 20 seconds of a song lasting over six minutes – "is so significant as to give qualitative value to an otherwise quantitatively minute portion").

[42]

> *See* DI 16, at 7.

[43]

> *TufAmerica*, 968 F. Supp. 2d at 598 (emphasis added) (quoting *Newton*, 388 F.3d at 1195).

[44]

> *See* 4 NIMMER ON COPYRIGHT § 13.03[A][2][a] ("The question in each case is whether the similarity relates to matter that constitutes a substantial portion of plaintiff's work – not whether such material constitutes a substantial portion of defendant's work.  Thus, for example, the fact that the sampled material is played throughout *defendants'* song cannot establish liability, if that snippet constitutes an insubstantial portion of *plaintiff's* composition." (footnote omitted)); *see also Newton*, 388 F.3d at 1195; *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 945 (10th Cir. 2002); *Worth v. Selchow & Righter Co.*, 827 F.2d 569, 570 n.1 (9th Cir. 1987); *Williams*, 2001 WL 984714, at *4; *Werlin*, 528 F. Supp. at

around, a devious defendant could evade liability for copying substantial or qualitatively significant portions of another's work merely by scattering those portions within his own, lengthy work.[45]  Such a rule would fly in the face of Justice Story's admonition more than 170 years ago that the focus of copyright law is on the *original* work, not the subsequent one: "If so much is taken, that the value of the original is sensibly diminished, or the labors of the original author are substantially to an injurious extent appropriated by another, that is sufficient, in point of law, to constitute a piracy."[46] Ultimately, of course, the fact that defendants allegedly sampled "oh" 42 times in *Run This Town* says absolutely nothing about the recording's qualitative significance to *Hook & Sling Part I* or to Eddie Bo's performance thereof in the Hook & Sling Master.

        Second, if the original recording has been sampled at all – and the Court emphasizes that for present purposes it so assumes – the fact of the matter is that the samples appear only faintly in the background of *Run This Town* and are, at best, only barely perceptible to the average listener. Thus, to the extent that the prominence of the "copyrighted work in the allegedly infringing work" – measured perhaps, among other ways, "by the length of time the copyrighted work appears in the allegedly infringing work" – does factor into the substantial similarity analysis,[47] the Court holds that the alleged sampling of "oh" in *Run This Town* is sufficiently *de minimis* to render moot

---

463-64.

[45]

    *See Newton*, 388 F.3d at 1195.

[46]

    *Folsom v. Marsh*, 9 F. Cas. 342, 348 (C.C.D. Mass. 1841) (Story, J.).  Plaintiff's backwards formulation of the substantial similarity test would also permit a defendant to do exactly what Judge Hand said no plagiarist may do: "excuse the wrong by showing how much of his work he did not pirate."  *Sheldon*, 81 F.2d at 56 (L. Hand, J.).

[47]

    *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998) (citing *Ringgold*, 126 F.3d at 75).

whatever otherwise might have been made of the alleged copying with respect to the qualitative significance of that which was copied.

Plaintiff's last argument is that "the bar should be set low when evaluating whether a work is or is not 'qualitatively significant'" in order to protect "impecunious artists" in the face of "unlicensed use" of their work by "successful artists and increasingly-large record labels and music publishers."[48]  If the allegedly copied portion "arguably includes a creative component," plaintiff urges, "it should be considered . . . qualitatively significant."[49]  Were the Court to grant the motion to dismiss, plaintiff warns, would-be infringers would have an implicit license to "use for free the work that other artists created."[50]  This argument too is quite wide of the mark.  Indeed, it is one thing to set a low bar.  It is quite another to set no bar at all.

For one thing, every case of this sort is inherently fact specific.  We are concerned here with an alleged sample of a single syllable that is, at best, barely perceptible in the allegedly infringing works and that at best has only the most dubious claim to qualitative significance with respect to the allegedly infringed work.

For another, plaintiff's argument necessarily – and incorrectly – assumes that every copying of any part of another artist's protected work is infringement.  But as Judge Newman explained for the Second Circuit, in a case plaintiff relies upon, factual copying and actionable copying are not coextensive concepts.[51]  The former "requires only the fact that the infringing work

---

[48]  DI 16, at 7-8.

[49]  *Id.* at 8.

[50]  *Id.* at 7.

[51]  *See Ringgold*, 126 F.3d at 75.

15

copies something from the copyrighted work; the latter . . . requires that the copying is quantitatively and qualitatively sufficient to support the legal conclusion that infringement . . . has occurred."[52] In arguing that the Court should find qualitative significance simply because defendants have actually copied its work, plaintiff improperly conflates factual copying and actionable copying.

In all the circumstances, the Court concludes that there is no plausible claim of substantial similarity here.  Plaintiff's copyright infringement claims are insufficient as a matter of law.

*Conclusion*

Accordingly, defendants' motion to dismiss the complaint [DI 11] is granted in all respects.  The Clerk of Court shall enter judgment and close the case.

SO ORDERED.

Dated:          December 8, 2014

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

52

*Id.*